IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH P. AUSIKAITIS, derivatively on behalf of MASIMO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JOE KIANI, et al.,<br><br>Defendants,<br><br>and<br><br>MASIMO CORPORATION, a Delaware Corporation,<br><br>Nominal Defendant. | Civil Action No. 12-1175-SLR-SRF |

## **MEMORANDUM ORDER**

At Wilmington this **2nd** day of **December, 2014**, the court having considered the parties' submissions regarding reconsideration of the court's November 3, 2014 Order on the Individual Defendants' motion to compel and for sanctions (D.I. 156, D.I. 159), IT IS HEREBY ORDERED that the court's November 3, 2014 Order (D.I. 152) shall not be amended or vacated for the reasons set forth below:

**1. Background.** The Individual Defendants noticed Plaintiff's deposition for July 11, 2014 in Boston, Massachusetts. (D.I. 72) However, Plaintiff unilaterally terminated the deposition after only a couple of hours of testimony. (D.I. 82, Ex. F at 155:15-16) As a result, the Individual Defendants scheduled another deposition of Plaintiff on July 21, 2014 for purposes of completing the prematurely-terminated deposition. (D.I. 82, Ex. G)

**2.** On July 31, 2014, the Individual Defendants filed a motion to compel and for sanctions, seeking in pertinent part an award of attorney's fees and costs as reimbursement for the premature termination of Plaintiff's deposition. (D.I. 80) The court held a hearing on the motion on October 27, 2014, and issued a ruling on the record during the hearing. Specifically, the court awarded attorney's fees and costs to the Individual Defendants as reimbursement for expenses incurred in connection with Plaintiff's second deposition on July 21, 2014. (10/27/14 Tr. at 35:7-36:6) The court also ordered the Individual Defendants to submit a documented bill of costs to substantiate the expenses incurred as a result of Plaintiff's second deposition before imposing a specific dollar amount of sanctions. (*Id.* at 35:23-36:6)

**3.** In accordance with the court's instructions during the October 27, 2014 hearing on the Individual Defendants' motion to compel and for sanctions, counsel for the Individual Defendants submitted a declaration in support of fees and costs substantiating the court's award of attorney's fees in the total amount of $5,390.00 for seven (7) hours at an hourly rate of $770. These fees represent only the fees incurred for time spent traveling to and from the deposition, during which counsel was unable to prepare for the deposition. (D.I. 148, Ex. 1) The declaration also set forth costs relating to airfare, hotel, taxi, and the court reporter's fee in the total amount of $1,604.25, with attached receipts. (D.I. 148, Ex. 1 at Ex. A)

**4. Analysis.** The submission of an actual client billing statement in support of the requested fees is not necessary in view of the sworn declaration of counsel substantiating the amount of fees incurred in connection with counsel's travel to the second deposition held on July 21, 2014.[1] *See FCC v. Mizuho Medy Co. Ltd.*, 257 F.R.D. 679, 683 (S.D. Cal. 2009) (finding

---

[1] The court does not find that the declaration submitted by the Individual Defendants' counsel in the pending matter is deficient in comparison to Plaintiff's counsel's request for attorney's fees in connection with *Braunstein v. Geospace Tech. Corp.*, C.A. No. 13-1098-SLR, another matter

2

that the amount of travel time stated in counsel's declaration was reasonable, and awarding fees on that basis); *Campos v. MTD Prods., Inc.*, 2009 WL 2252257, at *5 (M.D. Tenn. July 24, 2009) (concluding that, because the requested fees were reasonable, further documentation of counsel's time records was unnecessary). Proof of the client's payment of the fees and costs incurred is likewise not required to trigger Plaintiff's obligation to pay the fees in the instant case. Such proof is not relevant to Plaintiff's obligation to reimburse expenses necessitated by Plaintiff's improper conduct during his deposition.

**5.** Consistent with the court's November 3, 2014 Order, the court finds that both the amount of time expended and the billing rate charged by counsel in connection with counsel's second trip to Boston to depose Plaintiff are reasonable. (D.I. 152) It is undisputed that a subsequent deposition of Plaintiff would have been unnecessary but for Plaintiff's disregard of his obligations under Rule 30 of the Federal Rules of Civil Procedure.

**6.** As the court expressly stated on the record during the October 27, 2014 hearing, the award of fees is against plaintiff and not plaintiff's counsel. (10/27/14 Tr. at 34:21-35:6) ("This ruling is not a reflection of any concerns about inappropriateness of conduct on Plaintiff's counsel and I want to be clear about that. These sanctions would be directed specifically at the Plaintiff as a party who unilaterally terminated his deposition without reasonable cause . . . .").

---

presently pending before this court. (D.I. 159, Ex. B at ¶ 3) Plaintiff's counsel's time-keeping entries in *Braunstein* provide no greater detail than the declaration submitted by the Individual Defendants' counsel in the present matter. In the pending matter and in the *Braunstein* exhibit, the attorney time entries do not demonstrate on their face that the fees were paid in full by a client or some other source.

3

**7. Conclusion.** For the foregoing reasons, plaintiff shall pay the total amount of $6,994.25, representing the reasonable fees and expenses incurred by the Individual Defendants in connection with plaintiff's deposition on July 21, 2014, within thirty (30) days of the date of this Order.

                                                               _____
                                                               Sherry R. Fallon
                                                               United States Magistrate Judge